IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CLICK4SUPPORT, LLC, et al. | : | NO. 15-5777 |

<u>ORDER</u>

AND NOW, this 10th of November, 2015, upon consideration of the evidence presented by the parties' filings and after a hearing to show cause why a preliminary injunction should not issue, and for the reasons set forth in our accompanying memorandum, it is hereby ORDERED that:

**<u>DEFINITIONS</u>**

For the purpose of this Preliminary Injunction ("Order"), the following definitions shall apply:

1.      **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, trusts (including asset protection trusts), lists of customer names, and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Defendant, including such reserve funds held by payment processors, banks, or other financial institutions.

2.      **"Corporate Defendants"** or **"Receivership Defendants"** means, individually, collectively, or in any combination, Click4Support, LLC, iSourceUSA LLC, Innovazion Inc., Spanning Source LLC, and their successors, assigns, affiliates, or subsidiaries.

3.      **"Defendants"** means, individually, collectively, or in any combination, all of the Corporate Defendants and Individual Defendants.

4.      **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, webpages, websites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, computer records, contracts, accounting data, advertisements (including, but not limited to advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

5.      **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

6.      **"FTC Act"** means the Federal Trade Commission Act codified at 15 U.S.C. §§ 41-58.

7.      **"Individual Defendants"** means, individually, collectively, or in any combination, Bruce Bartolotta, George Saab, Chetan Bhikhubhai Patel, and Niraj Patel, and by whatever names they are known.

8.      A **"Host"** or **"Hosting Company"** is the party that provides the infrastructure for a computer service.  With respect to webpages and websites, a Host or Hosting Company maintains "Internet servers" – the computers on which websites, webpages, Internet files, or resources reside.  The Host or Hosting Company also maintains the communication lines required to link the server to the Internet.  Often, the content on the servers (*i.e.*, content of the webpages) is controlled by someone other than the Host or Hosting Company.

9.      **"Person"** means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

10.     **"Plaintiffs"** means the Federal Trade Commission, the State of Connecticut, Office of Attorney General, and the Commonwealth of Pennsylvania, Office of Attorney General.

11.     **"Receiver"** or means the receiver appointed by this Order and any deputy receivers that shall be named by the receiver.

12.     **"Representative"** means Defendants' officers, agents, servants, successors, assigns, employees, and attorneys, and any other Person or entity in active concert or participation with them, who receives actual notice of this Order by personal service or otherwise.

13.     **"Tech Support Product or Service"** means any plan, program, or software, marketed to repair, maintain, or improve a computer's performance or security, including, but not limited to, registry cleaners, anti-virus programs, virus and malware removal, and computer or software diagnostic services.

14.     **"Telemarketing Sales Rule"** or **"TSR"** means the Telemarketing Sales Rule set forth in 16 C.F.R. Part 310.

15.     The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary and to make the applicable phrase inclusive rather than exclusive.

## I.

## PROHIBITED MISREPRESENTATIONS

**IT IS HEREBY ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, distribution, offering for sale, or sale of any goods or services, are hereby temporarily restrained and enjoined from misrepresenting, either orally or in writing, expressly or by implication, that: (1) they are part of, affiliated with, or calling on behalf of any company other than Defendants' companies; and (2) they have detected security or performance issues on consumers' computers, including, but not limited to, viruses, spyware, malware, or the presence of hackers.

## II.

## CONDUCT PROHIBITIONS REGARDING MARKETING

**IT IS FURTHER ORDERED** that, Defendants and their Representatives, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, distribution, or offering for sale of any goods or services, are hereby temporarily restrained and enjoined from:

A.      Using any false or misleading statement to induce any Person to pay for any goods or services; or

B.      Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as Attachment A.

## III.

## PROHIBITION ON CHARGING, BILLING, OR ATTEMPTING TO COLLECT PAYMENT FROM CONSUMERS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, are temporarily restrained and enjoined from charging, billing, or attempting to collect payment from any consumer for the purchase of Defendants' Tech Support Products or Services.

## IV.

## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, credit card number, debit card number, bank account number, e-mail address, Social Security number, Social Insurance number, or other financial or identifying personal information of any Person that Defendants obtained prior to entry of this Order in connection with any activity that pertains to the subject matter of the Complaint; and

B.      Benefitting from or using the name, address, birth date, telephone number, credit card number, debit card number, bank account number, e-mail address, Social Security number,

Social Insurance number, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with any activity that pertains to the subject matter of this Order;

*Provided, however*, that Defendants may disclose such identifying information to any civil or criminal law enforcement agency or as required by any law, regulation, or court order.

V.

## SUSPENSION OF CORPORATE DEFENDANTS' WEBSITES

**IT IS FURTHER ORDERED** that any party hosting any webpage or website for any Corporate Defendant and any domain registrar who has provided or is providing domain name registration services to or on behalf of any Corporate Defendant is hereby temporarily restrained and enjoined from failing to:

A.      Immediately take whatever steps may be necessary to ensure that any webpage or website operated, in whole or in part, in connection with the Corporate Defendants' provision of Tech Support Products and Services cannot be accessed by the public; and

B.      Prevent the destruction or erasure of any webpage or website operated, in whole or in part, on any Corporate Defendant's behalf, preserving such documents in the format in which they are currently maintained, and prevent the destruction or erasure of all records relating to the Corporate Defendants.

VI.

## DISCONNECTION OF CORPORATE DEFENDANTS' TELEPHONE NUMBERS

**IT IS FURTHER ORDERED** that any telephone service provider for any Corporate Defendant, including, but not limited to, Voice Over Internet Protocol and telecommunications service providers and toll-free forwarding services, who has provided or is providing telephone

services on any Corporate Defendant's behalf is hereby temporarily restrained and enjoined from failing to immediately take whatever steps may be necessary to ensure that any telephone or fax number operated, in whole or in part, in connection with the Corporate Defendants' provision of Tech Support Products and Services, is disconnected from service.

## VII.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that the Corporate Defendants, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of customer names, or other Assets of any Corporate Defendant, or any interest therein, wherever located, including outside the United States, that are:

1.      owned, controlled, or held, in whole or in part, by any Corporate Defendant;

2.      held, in whole or in part, for the direct or indirect benefit of, any Corporate Defendant;

3.      in the actual or constructive possession of any Corporate Defendant;

4.      owned or controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or

controlled by any Corporate Defendant. This includes, but is not limited to, any Assets held by, for, or subject to access by, any Corporate Defendant at any bank or savings and loan institution, or at/with any broker-dealer, escrow agent, title company, insurance company, commodity trading company, precious metal dealer, payment processor, credit card processor, acquiring bank, merchant bank, independent sales organization, third-party processor, payment gateway, or other financial institution or depository of any kind;

5.    held by an agent of any Corporate Defendant as a retainer for the agent's provision of services to Corporate Defendants;

6.    held in any account for which any Corporate Defendant is, or was on the date that this Order was signed, an authorized signor;

7.    is in the possession, custody, or control of any Individual Defendant that is owned by any Corporate Defendant or in which any Corporate Defendant has any legal or equitable interest or claim; or

8.    property of any kind, including cash, that is in the possession, custody, or control of any Individual Defendant which was transferred or received from any Corporate Defendant within thirty (30) days prior to the entry of this Order.

B.    Physically opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Corporate Defendant, either individually or jointly, or subject to access by any Corporate Defendant, except as necessary to comply with Section XVIII of this Order;

C.     Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Corporate Defendant. This includes, but is not limited to, any corporate bank card or corporate credit card account for which any Corporate Defendant is, or was on the date that this Order was signed, an authorized signor;

D.     Obtaining a personal or secured loan encumbering the Assets of any Corporate Defendant; and

E.     Incurring liens or other encumbrances on real property, personal property, or other Assets in the name, individually or jointly, of any Corporate Defendant.

**IT IS FURTHER ORDERED** that this Section shall be construed to apply to (a) assets belonging to the Corporate Defendants as of October 27, 2015 and (b) assets acquired by the Corporate Defendants after October 27, 2015 if they are acquired from any activity that is the subject of the Plaintiffs' Complaint or from any activity that is prohibited by this order.  But, this Section shall **NOT** be construed to apply to the individual defendants' personal assets, or to the assets of wholly unrelated businesses, and the receiver is hereby **ORDERED** to lift the freeze on the personal assets of the individual defendants and any assets of wholly unrelated businesses imposed by the temporary restraining order.

## VIII.

## <u>FINANCIAL REPORTS AND ACCOUNTING</u>

**IT IS FURTHER ORDERED** that each Individual Defendant and Corporate Defendant, within five (5) days of receiving notice of this Order, shall provide the FTC and the Receiver with completed financial statements, verified under oath and accurate as of the date of entry of this Order, on the forms attached to this Order as Attachment B for each Corporate Defendant and Attachment C for each Individual Defendant.  Defendants shall include in the financial

statements a full accounting of all funds and assets, whether located inside or outside of the

United States, that are: (a) titled in the name of any Defendant, jointly, severally, or individually;

(b) held by any Person or entity for the benefit of any Defendant; or (c) under the direct or

indirect control of any Defendant.

## IX.

## RETENTION OF ASSETS AND RECORDS BY
## FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution or depository,

credit card processor, payment processor, merchant bank, acquiring bank, independent sales

organization, third party processor, payment gateway, insurance company, escrow agent, title

company, commodity trading company, trust, business entity, or Person that (a) holds, controls,

or maintains custody of any account, safe deposit box, or Asset of any Defendant, (b) holds,

controls, or maintains custody of any Asset associated with credits, debits, or charges made on

behalf of any Defendant, including reserve funds, or (c) has held, controlled or maintained

custody of any such account, safe deposit box, or Asset at any time since the date of entry of this

Order, upon service of this Order, shall:

A.      Hold and retain within its control and prohibit the withdrawal, removal,

assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, gift, or

otherwise disposal of any such accounts, Assets, funds, or other property, as well as all

Documents related to such Assets, that are owned by, held in the name of, for the benefit of, or

otherwise controlled by, directly or indirectly, any Defendant, in whole or in part, except as

directed by further order of the Court or as directed in writing by the Receiver regarding

accounts, Documents, or Assets owned by, held in the name of, for the benefit of, or otherwise

controlled by, any Defendant;

B.      Deny any Person, except the Receiver acting pursuant to Section XV of this Order, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C.      Provide the Receiver and the FTC's counsel, within 5 (five) business days of receiving a copy of this Order, a sworn statement setting forth:

1.  The identification number of each such account or asset titled (1) in the name, individually or jointly, of any Defendant; (2) held on behalf of, or for the benefit of, any Defendant; (3) owned or controlled by any Defendant; (4) associated with credit or debit charges made on behalf of any Defendant; or (5) otherwise subject to access by any Defendant, directly or indirectly;

2.  The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person or entity to whom such account or other Asset was remitted; and

3.  The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name of any Defendant, or is otherwise subject to access or control by any Defendant, whether in whole or in part, and if the safe deposit box, commercial mailbox, or storage facility has been closed, the date closed;

D.      Allow representatives of the FTC or the Receiver immediate access to inspect and copy, or upon request of the FTC or the Receiver, within five (5) days of said request, provide the FTC or the Receiver's representatives with copies of all records or other documentation pertaining to each such account or Asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, loan documentation, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

## X.

## FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that, within five (5) business days of receiving notice of this Order, each Corporate Defendant and each Individual Defendant shall:

A.      Transfer to the territory of the United States all funds, Documents, and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Corporate Defendant or Individual Defendant; (2) held by any Person or entity for the benefit of any Corporate Defendant or Individual Defendant; or (3) under any Corporate Defendant's or Individual Defendant's direct or indirect control, whether jointly or singly;

*Provided, however*, any Defendant who currently does not hold an account at a financial institution located in the United States shall repatriate all assets and funds to this Court's Registry.

B.      Provide the FTC access to all records of accounts or Assets of each Corporate Defendant and Individual Defendant held by financial institutions located outside the territorial

United States by signing the Consent to Release of Financial Records attached to this Order as Attachment D.

## XI.

## INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, including, but not limited to:

A.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section X of this Order;

B.     Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section X of this Order.

## XII.

## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U .S.C. § 1681 b(1), any consumer reporting agency served with this Order

shall promptly furnish consumer reports as requested concerning any Defendant to counsel for the FTC.  The FTC may also directly access any Defendant's consumer report.

**XIII**

**PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY**

**IT IS FURTHER ORDERED** that Defendants and their Representatives, as well as any Document custodians receiving actual notice of this Order, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances, of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant, including: any and all marketing materials, Internet pages, consumer complaints, call detail records, telephone logs, telephone scripts, contracts, correspondence, e-mail, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns;

B.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets; and

C.      Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the FTC with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XIV.

## APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that PATRICIA HAMILL, ESQUIRE is APPOINTED Receiver for the business activities of the Corporate Defendants and any of their affiliates, subsidiaries, divisions, or telephone sales, technical support, or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court. The Receiver shall comply with any laws and Local Rules of this Court governing receivers.

## XV.

## DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.      Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent

of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in the affairs of the Receivership Defendants;

B.      Take exclusive custody, control, and possession of all Assets, Documents, and electronically stored information of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and Documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants.

*Provided, however*, that the Receiver shall not attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

C.      Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Defendants operate their businesses.  Such steps may include, but are not limited to any of the following, as the Receiver deems necessary or advisable:

1.      serving this Order;

2.      completing a written inventory of all Receivership Defendants' Assets;

3.      obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, Social Security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4.      videotaping and photographing any or all portions of the location;

5.    securing the location by changing the locks and disconnecting any internet access or other means of access to the computers, internet, or other records maintained at that location;

6.    requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Corporate Defendants.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security; and

7.    If requested by the Receiver, law enforcement personnel, including, but not limited to, police or sheriffs, will provide appropriate and necessary assistance to the Receiver to implement this Order and are authorized to use any necessary and reasonable force to do so;

D.    Conserve, hold, and manage all of the Receivership Defendants' Assets, and perform all acts necessary or advisable to preserve the value of those Assets, in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the Assets and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

E.    Liquidate any and all assets owned by or for the benefit of the Receivership Defendants that the Receiver deems to be advisable or necessary;

F.    Enter into and cancel contracts and purchase insurance as advisable or necessary;

G.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Defendants;

H.      Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.      Suspend business operations of the Receivership Defendants if, in the judgment of the Receiver, such operations cannot be continued legally and profitably;

J.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

K.      Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

L.      Prevent the destruction or erasure of any webpage or website registered to and operated, in whole or in part, by the Receivership Defendants;

M.      Take all steps necessary to ensure that any of the Receivership Defendants' webpages or websites relating to Tech Support Products and Services cannot be accessed by the public, or are modified for consumer education and/or information purposes;

N.      Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts, or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including, but not limited to, actions challenging fraudulent or voidable transfers;

O.      Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

P.      Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

Q.      Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

R.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

S.      Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency;

T.      File timely reports with the Court at reasonable intervals, or as otherwise described by the Court.

## XVI.

## IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

    A.     Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, shall:

        1.     Immediately identify to the FTC's counsel and the Receiver:

                a.    All of the Receivership Defendants' premises, whether residential or non-residential, including all locations from which the Receivership Defendants conduct business, maintain sales operations, or maintain customer service operations;

                b.    All locations of Documents or electronically stored information related to the Receivership Defendants, including, but not limited to, the name and location of any electronic data Hosts; and

                c.    All locations where assets belonging to the Receivership Defendants are stored or maintained;

        2.     Allow the FTC and the Receiver, and their respective representatives, immediate access to:

                a.    All of the Receivership Defendants' business premises, including, but not limited to, those located at **12 Main Street, Suite 1, Essex, Connecticut 06426**, **3220 Tillman Drive, Suite 504, Bensalem, Pennsylvania 19020**, **12 Penns Trail, Suite 12200, Newtown, Pennsylvania 18940**, and **41 University Drive, Suite 400, Newtown, Pennsylvania 18940**, and such other business locations that are wholly

or partially owned, rented, leased, or under the temporary or

permanent control of any Receivership Defendant;

b.  Any other non-residence premises where the Receivership Defendants

conduct business, collections operations, or customer service

operations;

c.  Any non-residence premises where Documents related to the

Receivership Defendants' businesses are stored or maintained;

d.  Any non-residence premises where Assets belonging to any

Receivership Defendant are stored or maintained; and

e.  Any Documents located at any of the locations described in this

Section; and

3.  Provide the FTC and the Receiver, and their respective representatives, with any

necessary means of access to, copying of, and forensic imaging of Documents or

electronically stored information, including, without limitation, the locations of

the Receivership Defendants' business premises, keys, and combinations to

business premises locks, computer access codes of all computers used to conduct

the Receivership Defendants' business, access to, including, but not limited to,

execution of any Documents necessary for access to and forensic imaging of any

data stored, hosted, or otherwise maintained by an electronic data Host, and

storage area access information.

B.  The FTC and the Receiver are authorized to employ the assistance of law

enforcement officers to help effect service, to implement peacefully the provisions of this Order,

and to keep the peace.  The Receiver shall allow Plaintiffs and their representatives into the

premises and facilities described in this Section to inspect, inventory, image, and copy Documents or electronically stored information relevant to any matter contained in this Order. Counsel for Plaintiffs and the Receiver may exclude Defendants and their agents and employees from the business premises and facilities during the immediate access. No one shall interfere with Plaintiffs' or the Receiver's inspection of Defendants' premises or Documents.

C.      The FTC and the Receiver shall have the right to remove any Documents related to Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied. The materials so removed shall be returned within seven (7) business days of completing said inventory and copying.

D.      If any property, records, Documents, or computer files relating to the Receivership Defendants' finances or business practices are located in the residence of any Individual Defendant or are otherwise in the custody or control of an Individual Defendant, then such Defendant shall produce them to the Receiver within twenty-four (24) hours of service of this Order. In order to prevent the destruction of computer data, upon service of this Order upon Defendants, any such computers shall be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be powered up or used again until produced for copying and inspection, along with any codes needed for access.

E.      The FTC's and the Receiver's representatives may also photograph or videotape the inside and outside of all premises to which they are permitted access by this Order, and all Documents and other items found on such premises.

F.      Allow the FTC's employees and agents access to Receivership Defendants' business records to inspect and copy Documents in preparation for the preliminary injunction hearing and to identify and locate assets. The Receivership Defendants shall, within five (5)

days of receiving notice of this Order, produce to the FTC for inspection, inventory, and/or copying, at a location designated by the FTC, the following materials, including those materials located outside of the United States:

1. all customer information, including, but not limited to, names, phone numbers, addresses, email addresses, customer complaints, and payment information for all consumers who have purchased Defendants' Tech Support Products and Services;

2. contracts;

3. correspondence, including, but not limited to, electronic correspondence and Instant Messenger communications, that refer or relate to the Defendants' Tech Support Products and Services;

4. all advertisements, sales, or marketing materials related to Defendants' Tech Support Products and Services;

5. all complaints, including all refund requests, from customers, whether sent directly to Defendants or received through law enforcement agency or third-party organizations such as the Better Business Bureau, and any responses from Defendants;

6. recordings of any sales calls or customer service calls;

7. any agreements and correspondence (including e-mail, short message service (SM), instant messaging, or any other electronic communication) between any Defendant and any payment processing company, independent sales organization, or financial institution;

8.  all computers and electronic data, in whatever form, used by the Corporate Defendants, as well as all access codes, passwords, log-in information, and equipment needed to access such material; and

9.  accounting information, including, but not limited to, profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business, personal income, or property tax returns, and 1099 forms.

The FTC shall return produced materials pursuant to this Paragraph within seven (7) business days of completing said inventory and copying.

G.      Within one (1) business day of the entry of this Order, the Corporate Defendants shall (i) notify counsel for the FTC of the name and location of any Person or entity that is hosting, storing, or otherwise maintaining electronic data (Electronic Data Host) related to the Corporate Defendants' operations, and (ii) serve this Order on any such Person or entity.  The Corporate Defendants shall provide such Electronic Data Host with their consent for the FTC and its agents to receive access to Corporate Defendants' data for forensic imaging and Corporate Defendants shall execute any documents and otherwise cooperate as necessary to facilitate such access.

The FTC shall return any material produced pursuant to this Section within seven (7) business days of Corporate Defendants' production.

**IT IS FURTHER ORDERED** that the FTC's access to the Defendants' documents pursuant to this provision shall not provide grounds for any Defendant to object to any subsequent request for documents served by the FTC.

**IT IS FURTHER ORDERED** that the Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XVII.

## DEFENDANTS' ACCESS TO PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that the Receiver shall allow Defendants and their Representatives reasonable access to the premises of the Receivership Defendants.  The purpose of this access shall be to inspect, inventory, and copy any and all Documents and other property owned by or in the possession of the Receivership Defendants, provided that those Documents and property are not removed from the premises.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XVIII.

## PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that the Receivership Defendants shall provide to the Receiver, immediately upon request, the following:

A.       A list of all Assets and property, including accounts, of the Receivership Defendants that are held in the name of a Receivership Defendant, or by any Person or entity other than a Receivership Defendant; and

B.       A list of all agents, employees, officers, servants, and those persons in active concert and participation with the Receivership Defendants, who have been associated or done business with the Receivership Defendants.  Such list should include every entity that provides leads to the Receivership Defendants.

## XIX.

## TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other Person, with possession, custody, or control of property of, or records relating to, the Receivership Defendants shall, upon notice of this Order by personal service or otherwise, immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

  A.  All Assets of the Receivership Defendants;

  B.  All Documents and electronically stored information of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, contracts, title Documents and other papers;

  C.  All computers, electronic devices, mobile devices, and machines and data in whatever form used to conduct business of the Receivership Defendants;

  D.  All Assets and Documents belonging to other Persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Defendants;

  E.  All keys, codes, user names, and passwords necessary to gain or secure access to any Assets or Documents of the Receivership Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

  F.  Information identifying the accounts, employees, properties, or other Assets or obligations of the Receivership Defendants.

In the event that any Person or entity fails to deliver or transfer immediately any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, writs of possession or sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Asset, Document, or other thing and to deliver it to the Receiver.

## XX.

## <u>COOPERATION WITH RECEIVER</u>

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, shall fully cooperate with and assist the Receiver.  Defendants' cooperation and assistance shall include, but not be limited to:

A.      Providing any information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order, including, but not limited to, allowing the Receiver to inspect Documents and Assets and to partition office space;

B.      Providing any username or password and executing any Documents required to access any computer, mobile device, electronic file, or telephonic data in any medium, including, but not limited to, electronically stored information stored, hosted, or otherwise maintained by an electronic data Host;

C.      Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver;

D.      Transferring funds at the Receiver's direction;

E.      Producing records related to the Assets and sales of the Receivership Defendants; and

F.      Refraining from transacting any of the business of the Receivership Defendants except under the direction of the Receiver.

The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third-party processors, payment gateways, insurance companies, and other financial institutions and depositories of any kind, as well as all common carriers, telecommunications companies, and third-party billing agents.

## XXI.

## <u>NO INTERFERENCE WITH THE RECEIVER</u>

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.      Interfering with the Receiver's efforts to manage or take custody, control, or possession of the Assets or Documents subject to this receivership;

B.      Transacting any of the business of the Receivership Defendants;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants or the Receiver; and

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XXII.

## COMPENSATION OF THE RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all Persons or entities retained or hired by the Receiver as authorized under this Order, including counsel to the Receiver and accountants, shall be entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXIII.

## STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.      Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the

name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, or Assets, Documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2. Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any Asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4. Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the Assets or Documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants;

B. This Section does not stay:

1. The commencement or continuation of a criminal action or proceeding;

2.  The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.  The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4.  The issuance to a Receivership Defendant of a notice of tax deficiency; and

C.      Except as otherwise provided in this Order, all Persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such Person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XXIV.

## <u>DISTRIBUTION OF ORDER BY DEFENDANTS</u>

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, Hosting Company, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, and spouse of each Defendant, and shall, within ten (10) days from the date of entry of this Order, provide the Commission with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names, physical addresses, and e-mail addresses of each such Person or entity who received a copy of the Order.

## XXV.

## XXVI.

## SERVICE OF ORDER UPON FINANCIAL
## INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means,

including facsimile transmission, upon any financial institution or other entity or Person that may

have possession, custody, or control of any Documents of any Defendant, or that may otherwise

be subject to any provision of this Order.  Service upon any branch or office of any financial

institution shall effect service upon the entire financial institution.

## XXVII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall RETAIN jurisdiction of this matter

for all purposes.

BY THE COURT:

/s/ Stewart Dalzell, J.