IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION, et al.   :          CIVIL ACTION
                                       :

     v.                                 :
                                       :

CLICK4SUPPORT, LLC, et al.         :          NO. 15-5777

ORDER

AND NOW, this 5th day of May, 2016, upon consideration of plaintiffs' motion for leave to file an amended complaint (docket entry #91), defendants Spanning Source, LLC, George Saab, and Chetan Patel's response in opposition thereto, and the Court finding that:

(a)      Plaintiffs seek leave to file an amended complaint to include, among other things, additional defendants and claims for relief, and defendants Spanning Source, Saab, and Patel oppose the addition of Count V, alleging credit card laundering on grounds that it is futile;

(b)      Fed. R. Civ. P. 15(a)(2) provides that when a party can no longer amend its pleadings as a matter of course, it can only amend its pleadings with the court's leave or the opposing party's written consent;

(c)      It further states that "[t]he court should freely give leave when justice so require," id.;

(d)      Courts should grant leave to amend pleadings in the absence of reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility of amendment, see Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that leave to amend should be denied only when there is a justifiable reason);

(e)      An amendment is futile where the proposed amended pleading would not withstand a motion to dismiss, Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988);

(f)     As plaintiffs move to amend their complaint to include a claim for punitive damages, we therefore must determine whether the proposed amended complaint avers facts sufficient to state a plausible claim for relief, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007);

(g)     A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678;

(h)     As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action…do not suffice," id.;

(i)     The Court further notes that analyzing claims is a "context-specific task" that requires judges to use their "judicial experience and common sense" when ultimately deciding whether or not a plaintiff has pled sufficient factual content to plausibly state a claim for relief, id. at 679;

(j)     In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6);

(k)     "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted);

(l)     "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief,'" id.;

2

(m)     Plaintiffs allege violations of 16 C.F.R. § 310.3(c), which covers credit card laundering and provides in pertinent part that it is a deceptive telemarketing act or practice for a merchant or any other person to "present to or deposit into the credit card system for payment, a credit card sales draft generated by a telemarketing transaction that is not the result of a…transaction between the cardholder and the merchant," id.;

(n)     The legislative history of this rule makes clear that it was to protect "legitimate but unsophisticated merchants who have authorized access to the bank card systems," specifically from large chargeback obligations, The Telemarketing and Consumer Fraud and Abuse Protection Act: Hearing on H.R. 868 Before the Subcomm. on Transp. and Hazardous Materials of the H. Comm. on Energy and Commerce, 103rd Cong. 46-47 (1993);

(o)     Here, none of the allegations in the complaint present a plausible claim for relief under Section 310.3(c) against defendants Saab, Chetan Patel, or Spanning Source;

(p)     Specifically, there are no allegations that these defendants processed credit card transactions that were not authorized by a consumer;

(q)     We will therefore deny plaintiffs' motion for leave to amend with respect to Count V in the amended complaint against defendants Saab, Chetan Patel, or Spanning Source;

(r)     But, in all other respects, we will allow plaintiffs to file their first amended complaint, as the rest of the proposed amendments will not cause undue delay, are not made in bad faith, and are not futile; and

(s)     We will therefore grant plaintiffs' motion for leave to amend with respect to the balance of their first amended complaint.

It is hereby ORDERED that:

3

       1.      Plaintiffs motion for leave to file an amended complaint (docket entry #91) is GRANTED IN PART and DENIED IN PART;

       2.      Plaintiffs' motion is DENIED with respect to Count V of the proposed amended complaint against defendants Saab, Chetan Patel, and Spanning Source;

       3.      Plaintiffs' motion is GRANTED in all other respects;

       4.      Plaintiffs shall FILE their first amended complaint, in compliance with this order, no later than 5:00 pm on Friday, May 6, 2016;[1] and

       5.      Defendants' motion to strike (docket entry #84) is DENIED AS MOOT without prejudice to refiling.

BY THE COURT

/s/ Stewart Dalzell, J.

---

[1] Normally we would instruct the Clerk of Court to docket the proposed amended complaint, but since we have denied in part plaintiffs' motion, they must first conform their amended complaint with the findings of this Order.